(164 App. Div. 533)

### POWERS v. POWERS.

(Supreme Court, Appellate Division, Second Department. November 13, 1914.)

DIVORCE (§ 303*)—VISITATION OF CHILDREN—DECREE—MODIFICATION.

    A divorce having been granted for defendant's fault, and her two children, a girl and a boy, having been given to plaintiff, defendant two years after the judgment remarried a man in no way connected with her former offense, and since her remarriage she has lived a blameless life. *Held*, that such facts warranted a modification of the decree, so as to authorize her to visit the children one afternoon in each third month.

    [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 793–795; Dec. Dig. § 303.*]

    Carr and Putnam, JJ., dissenting.

Appeal from Special Term, Kings County.

Action by William F. Powers against Hortense Powers. From an order denying defendant's application to modify a divorce decree, so as to permit her to visit her children, she appeals. Reversed, and motion granted.

---

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-TON, and PUTNAM, JJ.

Mayer C. Goldman, of New York City, for appellant.
Mortimer W. Byers, of New York City, for respondent.

STAPLETON, J. The appellant and the respondent were divorced by a judgment entered June 7, 1906. Of the marriage then dissolved there were two children, a boy and a girl. The girl is now aged 15, and the boy 13. Two years after the judgment the appellant remarried. The man whom she married was in no way connected with the dereliction involved in the action for a divorce, and since her remarriage she has led a blameless life. By a provision of the judgment she is precluded from seeing her children, and she applied for its modification, so that she may be permitted to see them.

Some affiants vouchsafe the opinion that it would not be for the best interests of the children that this relief be granted, and they attempt to support that opinion by theories which to them are satisfactory, but which appear to have no nobler bases than an apprehension that some fanciful social advantage of the children may be impaired and a belief that punishment for an offense so flagrant should continue unrelaxed. A humane and more agreeable philosophy, however, having its suggestion in the purest human sentiment, persuades us that a child's welfare is best subserved by fostering the virtue of filial piety, even toward a parent who once had erred, but who has long since reformed.

The Legislature, in conferring the power upon the court, contemplated that there might be cases in which the directions for the custody and care of the children of a dissolved marriage should be modified. It appears to us that it should be exercised, so as to permit a mother, who has transgressed, repented, and amended, to see occasionally the children whom she has borne. See McGown v. McGown, 22 Misc. Rep. 307, 49 N. Y. Supp. 996, affirmed 29 App. Div. 628, 53 N. Y. Supp. 1108.

The order should be reversed, and the motion granted, so as to permit the appellant to visit the children one afternoon in each third month, with leave to the respondent to apply for further direction, if his plans for the education of the children make it desirable.

JENKS, P. J., and THOMAS, J., concur. CARR and PUTNAM, JJ., dissent.